IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CAMERON REED CLARKE,

        Plaintiff,

vs.                                                                                                       1:20-cv-01186-JB-LF

KILOLO KIJAKAZI,[1] Commissioner
of the Social Security Administration,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON MOTION TO REVERSE OR REMAND ADMINISTRATIVE AGENCY DECISION**

THIS MATTER comes before the Court on plaintiff Cameron Reed Clarke's Motion to Reverse or Remand Administrative Agency Decision with supporting memorandum (Docs. 32, 33), which was fully briefed on September 12, 2022. *See* Docs. 40, 41. Pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), the Honorable James O. Browning referred this matter to me for a recommended disposition. Doc. 39. Having meticulously reviewed the entire record and being fully advised in the premises, I recommend that the Court DENY Mr. Clarke's motion.

**I.    Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981, as it is in this case.

decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks, brackets, and quotation omitted). The Court must meticulously review the entire record, but it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (quotation omitted). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* (quotation omitted). While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citation omitted). " 'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.' " *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.   Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A);

20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet(s) or equal(s) one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Background and Procedural History

Mr. Clarke was born in 1982, earned a master's degree in education, and worked for over ten years as a physical education ("PE") teacher. AR 57, 251, 279.[4] He filed an application for Disability Insurance Benefits ("DIB") on August 5, 2016, alleging disability since July 9, 2016, due to a spinal cord injury. AR 251–52, 278. The Social Security Administration ("SSA") denied his claims initially on May 25, 2017. AR 153–56. The SSA denied his claims on

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] Documents 18-1 through 18-8 comprise the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

reconsideration on August 25, 2017.  AR 158–61.  Mr. Clarke requested a hearing before an ALJ.  AR 165–66.  On November 2, 2018, ALJ Stephen Gontis held a hearing.  AR 48–119.  ALJ Gontis issued his partially favorable decision on December 3, 2018.  AR 25–46.

The ALJ found that Mr. Clarke met the insured status requirements of the Social Security Act through December 31, 2021.  AR 32.  The ALJ found Mr. Clarke was disabled from July 9, 2016 through April 30, 2018, but not disabled thereafter.  *See* AR 29–41.  The ALJ completed all five steps of the sequential evaluation process for the period of July 9, 2016 through April 30, 2018, finding him disabled at step five during this period.  The ALJ completed only the first step of the sequential evaluation process for the period beginning May 1, 2018, finding him not disabled at step one after this date because he was engaged in substantial gainful activity ("SGA").

### A. The ALJ's Sequential Evaluation for July 9, 2016, through April 30, 2018

At step one, the ALJ found that Mr. Clarke had not engaged in SGA from July 9, 2016—his alleged onset date—through April 30, 2018.  AR 32.  The ALJ noted that Mr. Clarke did not work from July 2016 to August 2017, and that he was on sick leave during this period.  *Id.*  The ALJ found that Mr. Clarke returned to work part time as a PE teacher on August 16, 2017.  *Id.*  The ALJ found that the nine-month period from August 2017 through April 2018 was a "trial work period."[5]  *Id.*

---

[5] A "trial work period" is a period during which a claimant may test his or her ability to work and still be considered disabled.  20 C.F.R. § 404.1592(a).  A "trial work period" may last up to nine months.  *Id*.  The SSA will not consider work done in a trial work period as "showing that [a claimant's] disability has ended."  *Id*.  However, "after the trial work period has ended [the SSA] will consider the work [a claimant] did during the trial work period in determining whether [claimant's] disability ended at any time after the trial work period."  *Id*.

4

At step two, the ALJ found that Mr. Clarke suffered from the severe impairment of "C5 vertebral body fracture and bilateral laminar fractures, status post C4-C6 posterior spinal fusion." AR 33.  At step three, the ALJ found that none of Mr. Clarke's impairments, alone or in combination, met or medically equaled a Listing.  AR 33–34.  Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Mr. Clarke's RFC.  AR 34–37.  The ALJ found that, for the period from July 9, 2016 through April 30, 2018, Mr. Clarke had the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) except he could lift, carry, push, and pull up to 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk at least 2 hours during 8 hours; and sit at least 6 hours during 8 hours.  The claimant could handle, finger and feel occasionally, bilaterally.  The claimant could reach frequently bilaterally.  The claimant could occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl.  The claimant could never work around unprotected heights and [could] occasionally operate a motor vehicle.  The claimant could occasionally work around extreme cold or heat and significant vibration.  The claimant would be off task for 20% of the workday, in addition to normal breaks.

AR 34.

At step four, the ALJ concluded that Mr. Clarke was not capable of performing his past relevant work as a PE teacher.  AR 37.  At step five, the ALJ found that there were no jobs that existed in significant numbers in the national economy that Mr. Clarke could have performed; he therefore was disabled.  AR 37–38.

### B.  The ALJ's Sequential Evaluation for the period beginning May 1, 2018

The ALJ found that Mr. Clark's trial work period ended on April 30, 2018.  AR 39.  After his trial work period ended, Mr. Clarke continued to work part-time as a PE teacher.  *Id.*  The ALJ found that this part-time work constituted SGA.  *Id.*  Because Mr. Clarke was engaged in SGA, the ALJ found him not disabled at step one beginning on May 1, 2018.  AR 39–41.

5

On January 22, 2019,[6] Mr. Clarke requested review of the unfavorable part of the ALJ's decision by the Appeals Council. AR 220–24. On September 17, 2020, the Appeals Council erroneously stated that the request for review was not filed until July 17, 2020, and dismissed the request for review as untimely. AR 15–20. Mr. Clarke filed his appeal to this Court on November 16, 2020. Doc. 1. On February 15, 2021, this Court granted Defendant's Amended Unopposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Six of 42 U.S.C. § 405(g). Doc. 15. On remand, the Appeals Council considered the reasons Mr. Clarke disagreed with the ALJ's decision, but found that the reasons "d[id] not provide a basis for changing the [ALJ's] decision" and denied his request for review. AR 1. On February 24, 2022, the Commissioner filed a motion to reopen this case, which the Court granted. Docs. 16, 19.

## IV.     Mr. Clarke's Claim

Mr. Clarke argues that he has not engaged in substantial gainful activity ("SGA") after April 30, 2018. Doc. 33 at 12. He therefore argues that he is eligible for continued disability benefits after this date. *Id*. at 16.

## V.      Analysis

Mr. Clarke argues that his part-time work as a PE teacher after April 30, 2018 does not constitute substantial gainful activity. Doc. 33 at 12. He asserts that the ALJ failed to adequately consider the regulatory factors for assessing whether work constitutes substantial gainful activity. *Id* at 12–16 (citing 20 C.F.R. § 404.1573). The Commissioner argues that the ALJ adequately considered the regulatory factors, and that the ALJ's decision is free from legal

---

[6] Mr. Clarke's letter to the Appeals Council is dated January 22, 2018. AR 221. This is a typographical error; the fax cover sheet is correctly dated January 22, 2019. AR 220.

error and supported by substantial evidence. Doc. 40 at 4–6. For the reasons explained below, I agree with the Commissioner. I therefore recommend that the Court DENY Mr. Clarke's motion and affirm the Commissioner's decision.

At step one, the SSA first considers a claimant's work activity to see if it constitutes SGA. 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is doing SGA, the SSA will find the claimant "not disabled." *Id.* SGA is defined as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. "Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). "Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b).

The SSA's "primary consideration" in determining if a claimant's work activity constitutes SGA is the claimant's earnings. 20 C.F.R. § 404.1574(a)(1). Generally, if a claimant worked for substantial earnings, the SSA will find that claimant is able to do SGA. *Id.* The SSA considers a claimant who has earned more than a specified monthly amount to be engaging in SGA. 20 C.F.R. § 404.1574(a)(1); *see also Substantial Gainful Activity* at https://www.ssa.gov/oact/cola/sga.html (last visited Feb. 27, 2023). The monthly earnings constituting SGA in 2017 was $1170, and in 2018 it was $1180. *Substantial Gainful Activity* at https://www.ssa.gov/oact/cola/sga.html (last visited Feb. 27, 2023).

A claimant can rebut the presumption that he or she has engaged in SGA based on his or her earnings record. *See Franco v. Chater*, 98 F.3d 1349 (10th Cir. 1996) (unpublished table decision); 1996 WL 559641, at *1. The SSA lists several factors that can be used to rebut the

presumption of SGA, including the following:

    (a) The nature of your work.  If your duties require use of your experience, skills, supervision and responsibilities, or contribute substantially to the operation of a business, this tends to show that you have the ability to work at the substantial gainful activity level.

    (b) How well you perform. . . .  If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level.  If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level.  If you are doing work that involves minimal duties that make little or no demands on you and that are of little or no use to your employer, . . . this does not show that you are working at the substantial gainful activity level.

    (c)  If your work is done under special conditions.  The work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop or as a patient in a hospital.  If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity.  Also, if you are forced to stop or reduce your work because of the removal of special conditions that were related to your impairment and essential to your work, we may find that your work does not show that you are able to do substantial gainful activity. However, work done under special conditions may show that you have the necessary skills and ability to work at the substantial gainful activity level. Examples of the special conditions that may relate to your impairment include, but are not limited to, situations in which—
        (1) You required and received special assistance from other employees in performing your work;
        (2) You were allowed to work irregular hours or take frequent rest periods;
        (3) You were provided with special equipment or were assigned work especially suited to your impairment;
        (4) You were able to work only because of specially arranged circumstances, for example, other persons helped you prepare for or get to and from your work;
        (5) You were permitted to work at a lower standard of productivity or efficiency than other employees; or
        (6) You were given the opportunity to work despite your impairment because of family relationship, past association with your employer, or your employer's concern for your welfare.

20 C.F.R. § 404.1573.

If a claimant is engaged in SGA, "disability benefits are denied." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. § 404.1520(b)). The ALJ continues to the other steps of the sequential evaluation process only if claimant is not engaged in SGA. *Id.*; *see also* 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."); *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989) ("If plaintiff actually engaged in substantial gainful activity, he could not be found disabled, regardless of the severity of his impairments.").

The ALJ applied the correct legal standards in analyzing whether Mr. Clarke's part-time work as a PE teacher after April 30, 2018, constituted SGA, and the ALJ's decision is supported by substantial evidence. The ALJ correctly noted that the primary consideration in evaluating SGA is the earnings Mr. Clarke derived from his work activity. AR 30 (citing 20 C.F.R. § 404.1574(a)(1)). The ALJ also correctly noted that under the regulations, "if an individual worked for substantial earnings," the SSA will "find that he is able to do substantial gainful activity." AR 39. The ALJ noted that Mr. Clarke's average monthly earnings in 2018 were $2169[7]—almost twice the 2018 SGA level of $1180 per month. AR 39–40. Thus, the ALJ found that Mr. Clarke's part-time work as a PE teacher was presumptively SGA. AR 39–40.

The ALJ found that Mr. Clarke's work activity was "both substantial and gainful" within the meaning of 20 C.F.R. § 404.1572. AR 40. The ALJ concluded that Mr. Clarke's work was substantial because "it involves doing significant physical or mental activities." *Id.* (citing 20 C.F.R. § 404.1572(a)). The ALJ correctly noted that "the regulations provide that work may be

---

[7] The ALJ noted that Mr. Clarke's average monthly earnings in the third and fourth quarter of 2017 were similar to his average monthly earnings in 2018. AR 39–40.

9

substantial even if it is done on a part-time basis, as in the present case, or if the individual does less, gets paid less, or has less responsibility than when he worked before." *Id.* The ALJ noted that Mr. Clarke was being paid on the same pay scale as other public school teachers, and that he was responsible for his classroom and his students. *Id.* The ALJ noted that Mr. Clarke's work was gainful "because it was the kind of work usually done for pay or profit" and because Mr. Clarke was, indeed, realizing a profit (or salary) from his work. *Id.* (citing 20 C.F.R. § 404.1572(b)).

Mr. Clarke argues that "the overwhelming evidence supports the applicability" of 20 C.F.R. § 404.1573 and "a finding and conclusion that [he] has not engaged in substantial gainful activity." Doc. 33 at 12. Mr. Clarke raises two arguments in support of his assertion that his part time work as a PE teacher does not constitute SGA under § 404.1573: (1) he is not able to perform his work "satisfactorily," and (2) his work is performed under "special conditions." Doc. 33 at 12–16. Neither of these arguments has merit. As the Commissioner noted, the "ALJ expressly considered and rejected [these] argument[s] in his decision." Doc. 40 at 5. Mr. Clarke points to no legal error in the ALJ's analysis of these arguments. *See* Doc. 33 at 12–16. Instead, Mr. Clarke argues that the ALJ's finding that he was engaged in SGA after April 30, 2018 is not supported by substantial evidence. Doc. 33 at 12 (arguing that "overwhelming evidence" supports finding that he was not engaged in SGA). However, substantial evidence supports the ALJ's findings and that the correct legal standards were applied; I therefore recommend that the Court affirm the ALJ's decision. *See Langley*, 373 F.3d at 1118.

Mr. Clarke argues that he is not doing SGA because he is unable "to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work." Doc. 33 at 13. Mr. Clarke points out that while at work he requires

the assistance of "at least two persons whereas, prior to his injury, he required no assistants." *Id*. Under the regulations, an ALJ is required to assess how well a claimant performs his job: a claimant who does his work satisfactorily is likely engaged in SGA, while a claimant who is unable "to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work" is more likely not engaged in SGA. 20 C.F.R. § 404.1573(b). In addition, if a claimant is "doing work that involves minimal duties that make little or no demands on [the claimant] and that are of little or no use to [claimant's] employer," the claimant is not engaged in SGA. *Id*.

The ALJ considered Mr. Clarke's argument that he was not able to perform his work satisfactorily, and found it "not persuasive." AR 40. The ALJ first analyzed whether Mr. Clarke performed his work satisfactorily in accordance with 20 C.F.R. § 404.1573(b). The ALJ concluded that Mr. Clarke was doing his job satisfactorily because he was "functioning as a teacher at a public school . . .[and] perform[ing] the duties of a teacher, including preparing his own lesson plans and grading." AR 40. The ALJ did note that Mr. Clarke was unable to demonstrate some lessons, but noted that he relied on YouTube demonstrations, and that he "otherwise functions as a PE teacher." *Id*. The ALJ also considered the fact that Mr. Clarke has two aides in the classes he teaches alone and concluded that this amount of assistance was not out of the ordinary because "[s]ome assistance, such as in setting up and dismantling demonstrations might be required by any teacher." *Id*. After considering Mr. Clarke's level of function at his job, the ALJ concluded that he was able to perform satisfactorily and that he was "function[ing] as a PE teacher." *Id*.

Mr. Clarke argues that the evidence supports a different conclusion than the one reached by the ALJ. Mr. Clarke points to his testimony at the ALJ hearing—where he stated that he was

11

no longer able to demonstrate how to tie flies as part of a fly-fishing unit in PE—as evidence that he is unable to do "ordinary or simple tasks satisfactorily." Doc. 33 at 13. While the ALJ did not specifically mention this part of the hearing testimony in his testimony, the ALJ did note that Mr. Clarke was unable to demonstrate some lessons, which would include demonstrating how to tie flies. The ALJ adequately considered the evidence, and his finding that Mr. Clarke performs his job satisfactorily is free of legal error and supported by substantial evidence.[8]

Second, Mr. Clarke argues that his part-time work as a PE teacher is work that is done under "special conditions" and therefore does not constitute SGA. Doc. 33 at 13 (citing 20 C.F.R. § 404.1573(c)). Mr. Clarke argues that his work is done under "special conditions" for the following reasons: (1) he "receives special assistance from other employees in performing his work" because he has two assistants in the classes that he teaches alone; (2) he works only a limited number of hours; (3) he "has been assigned work especially suited to his impairment" because he "is only able to work a limited number of hours because of his impairment;" and (4) he has been able to work "only because of specially arranged circumstances with his employer." Doc. 33 at 14–15.

The ALJ, however, found that the evidence did not support Mr. Clarke's argument that his work was done "under special conditions." AR 40. The ALJ correctly applied the considerations listed in 20 C.F.R. § 404.1573(c) in analyzing this argument. First, the ALJ noted that Mr. Clarke was working in a public school, not in a "sheltered workshop or as a patient in a hospital." *Id*. Second, the ALJ expressly considered and rejected Mr. Clarke's argument that his use of assistants meant that his work does not constitute SGA. The ALJ noted that Mr. Clarke

---

[8] Although a reasonable factfinder could have reached the opposite conclusion, " 'this does not prevent [the] findings from being supported by substantial evidence.' " *Lax*, 489 F.3d at 1084 (quoting *Zoltanski v. F.A.A.*, 372 F.3d at 1200).

12

> testified that he has two aides, who help to set up and take down fields, open doors for him, and unlock doors when he cannot turn a key. However, the claimant is the teacher and is responsible for his students and classroom. Some assistance, such as in setting up and dismantling demonstrations, might be required by any teacher. The claimant testified he had a co-teacher for one class, but did not indicate that this was due to any lack of ability on his part.

*Id*. Third, the ALJ expressly considered and rejected Mr. Clarke's argument that the fact that he works a limited number of hours means that his work does not constitute SGA. The ALJ noted that Mr. Clarke "teaches a part-time schedule, but he is responsible for teaching his scheduled classes, including lesson plans, instruction and grading." AR 40. The ALJ also noted that, while Mr. Clarke "is teaching only two classes . . . there is no evidence that he is not doing his job well. Moreover, he is engaged in the same work, teaching, as before his injury." *Id*. In addition, the Court notes that the ALJ correctly cited the regulations which state that "work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." *Id*. (quoting 20 C.F.R. § 404.1572(a)); *see also* 20 C.F.R. § 404.1573(e) ("We will still evaluate the work to decide whether it is substantial and gainful regardless of whether you spend more time or less time at the job than workers who are not impaired and who are doing similar work as a regular means of their livelihood."). Finally, the ALJ expressly addressed and rejected Mr. Clarke's argument that he has been able to work "only because of specially arranged circumstances with his employer." AR 40–41. The ALJ found that

> The claimant is not working under specially arranged circumstances. He gets himself ready for work in the morning, and in fact, gets his children ready for school as well. He drives himself to school, and uses a motorized scooter at school to travel longer distances. The claimant testified that he knew the principal before his injury and was allowed to return to the school because he had taught there before his injury. However, the principal is a public official responsible for operating a public school. She is not the owner of a private company. Despite

13

>her undoubted goodwill, it does not seem reasonable that she would entrust the claimant with a classroom of students if she did not believe him fully capable and competent.

AR 40–41. The ALJ's analysis of whether Mr. Clarke performs his job under "special conditions" is free of legal error and is supported by substantial evidence.

Mr. Clarke essentially asks the Court to reweigh the evidence and come to a different conclusion. "To the extent that []he is asking this court to reweigh the evidence, we cannot do so." *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (citation omitted). The Court "review[s] only the sufficiency of the evidence, not its weight, . . . and there was certainly enough evidence to support the ALJ's findings." *Id.*

In his reply, Mr. Clarke argues for the first time that the ALJ failed to adequately discuss Dr. Patterson's mental medical source statement, CFNP Genevieve Cardona's physical medical source statement, and Jill Ryan, PhD's neuropsychological evaluation. Doc. 41 at 2–4. These arguments are unavailing. First, the Court generally does not consider arguments raised for the first time in a reply. *See United States v. Lewis*, 594 F.3d 1270, 1285 (10th Cir. 2010) ("arguments made for the first time in the reply brief are untimely"; a party "cannot hold [a] specific [argument] in reserve until it is too late for the [other side] to respond"). Second, even if the Court were to consider these arguments, they are without merit. Mr. Clarke's providers' medical opinions regarding his limitations may be relevant at later steps of the sequential evaluation process, but they are not relevant to whether Mr. Clarke's work constitutes SGA at step one. If a claimant is engaged in SGA, "disability benefits are denied." *Bowen*, 482 U.S. at 140 (citing 20 C.F.R. § 404.1520(b)). The ALJ continues to the other steps of the sequential evaluation process only if claimant is <u>not</u> engaged in SGA. *Id.*; *see also* 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that

you are not disabled regardless of your medical condition or your age, education, and work experience."); *Fowler*, 876 F.2d at 1453 ("If plaintiff actually engaged in substantial gainful activity, he could not be found disabled, regardless of the severity of his impairments.").

## VI. Conclusion

For the reasons stated above, I find that the ALJ applied the correct legal standards, and that his decision is supported by substantial evidence. None of Mr. Clarke's arguments have merit. I therefore recommend that the Court DENY Mr. Clarke's Motion to Reverse or Remand Administrative Agency Decision (Doc. 32), affirm the Commissioner's final decision, and dismiss this case with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge